UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUE J. THOMAS | ECF CASE |
| | Case Number: 1:11-cv-02642-TPG |
| Plaintiff | |
| vs. | CIVIL COMPLAINT |
| MIG CAPITAL MANAGEMENT, INC. | |
| | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Sue J. Thomas, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I.  INTRODUCTORY STATEMENT**

1.     Plaintiff, Sue J. Thomas, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II.  JURISDICTION**

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and that the Defendant transacts business in this District.

### III. PARTIES

4. Plaintiff, Sue J. Thomas is an adult natural person residing at 68 Cooper Drive 1a, New Rochelle, NY 10801. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, MIG Capital Management, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the States of New York and Florida with its principal place of business located at 5811 Memorial Highway, Suite 208, Tampa, FL 33615.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around March, 2011, Plaintiff began receiving phone calls from Defendant regarding an alleged debt due to HSBC Card Services.

8. Defendant's first phone call to Plaintiff was made by Defendant's agent, "Trey Harris."

9. Upon answering the phone, Plaintiff was immediately told the call was in regard to an alleged debt and that Defendant was going to sue Plaintiff in the State of New York if Plaintiff did not agree to pay.

10. Plaintiff asked Defendant's agent, "Trey Harris" who the original creditor was that Defendant is attempting to collect for and the agent replied that the alleged debt was owed to HSBC.

11. Defendant's agent, "Trey Harris" continued to speak to Plaintiff in a loud and intimidating tone telling Plaintiff that Defendant was threatening legal action and would be filing a lawsuit against Plaintiff.

12. Plaintiff was frightened by Defendant's threats due to having no assets since Plaintiff is on Medicade and relies solely on Social Security Income.

13. Plaintiff told Defendant's agent, "Trey Harris" that Plaintiff was going to contact her attorney, at which point, the call was terminated.

14. On or around March 11, 2011, Plaintiff received a letter from Defendant dated March 8, 2011.  **See Exhibit "A" attached hereto.**

15. Defendant's letter was addressed to a previous address of Plaintiff.

16. Defendant's letter failed to contain the necessary 30-day warning which is required to notify the consumer of their right to dispute the alleged debt.

17. In the aforementioned letter sent to Plaintiff, Defendant failed to afford Plaintiff the right to dispute the alleged debt within a 30 day time period from which the letter was received.

18. By demanding payment on or before March 22, 2011, Plaintiff had not been properly notified in a timely manner.  Plaintiff has 30 days to dispute the validity of the alleged debt upon receipt of the letter.

19. Plaintiff was only afforded 14 days from the date in which Defendant's letter was drafted to remit a payment for the amount of $6,723.47.

20. Defendant's letter is signed by the same agent, "Trey Harris," that contacted Plaintiff on the phone.

21. On or around March 30, 2011, Plaintiff received another phone call from Defendant at 8:08am.

22. Defendant failed to leave a message on Plaintiff's answering machine when the call went unanswered.

23. Defendant's phone number appeared on Plaintiff's answering machine under the name of "Safety Equiptment Company" with a phone number Defendant's leading to Defendant.

24. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

26. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27. As a result of Defendant's conduct, the Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and

mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## **COUNT I – FDCPA**

28. The above paragraphs are hereby incorporated herein by reference.

29. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(2): | Profane language or other abusive language |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount, or legal status of the alleged debt |
| §§ 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |

| | |
|---|---|
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692e(14): | Any name other than the true name of the debt collector's business |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |
| §§ 1692g(a)(3): | Must state Right to Dispute within 30 days |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, MIG Capital Management, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

                                          **Respectfully submitted,**

                                          **WARREN & VULLINGS, LLP**

**Date: April 6, 2011**　　　　　　　　**BY:**_____
                                          Bruce K. Warren, Esquire

                                          Warren & Vullings, LLP
                                          93 Old York Road
                                          Suite 333
                                          Jenkintown, PA 19046
                                          215-745-9800   Fax 215-745-7880
                                          Attorneys' for Plaintiff